UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Criminal Case No. 18-20435-3
v.                                        Honorable Linda V. Parker

KIMBERLY A. PERRYMAN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING SENTENCE DUE TO COVID-19 OUTBREAK (ECF NO. 99)

On October 9, 2018, Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3) and 2. Defendant's detention pending sentencing is mandatory pursuant to 18 U.S.C. § 3143(a)(2). Defendant's sentencing date is currently adjourned during the COVID-19 pandemic as the courthouse remains closed for in-person hearings and Defendant declines to be sentenced via teleconferencing. Twice before, Defendant filed a motion seeking to be released on bond. Each time, the Court has denied her requests. Now before the Court is Defendant's third request in which she cites COVID-19 cases at the Midland County Jail, where she is incarcerated, as the reason for why bond should be granted. (ECF No. 99.) The Government opposes Defendant's request. (ECF

No. 103.) For the reasons that follow, the Court finds that Defendant fails to establish her entitlement to bond.

Pursuant to 18 U.S.C. § 3143(a)(2), Defendant's detention is mandatory unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or*
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id*. (emphasis added). The requirements of subsection (A) are not satisfied and thus the Court need not even consider whether there is clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community. In any event, the facts underlying Defendant's conviction, which Defendant recognizes are "[t]ruly … horrific" (ECF No. 99 at Pg ID 413), Defendant's prior criminal history, and her conduct while detained, would lead this Court to find that she cannot satisfy the requirements of subsection (B), either.

The only circumstance that has changed since July 23, 2019, when the Court last denied Defendant's request to be released on bond, is the COVID-19 pandemic. While this, undeniably, is a significant change in circumstances,

Defendant presents no evidence to show that she is at particular risk of serious outcomes if she contracts the virus.

For these reasons, the Court is **DENYING** Defendant's motion for bond (ECF No. 99).

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 19, 2021